DAVID TATTERSDILL, PLAINTIFF-PROSECUTOR, v. WILBUR ROWAND, DEFENDANT-RESPONDENT.

Submitted February 5, 1925—Decided October 7, 1925.

**Conditional Sales—Piano—Defendant Refused to Continue Payments—Plaintiff Elected to Bring Suit—Defendant Counterclaimed and Alleging Fraud—Judgment For Defendant on Counter-claim—Judgment Not Found Against Weight of Evidence.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff-prosecutor, *Clifford A. Baldwin.*

For the defendant-respondent, *William J. Kraft.*

PER CURIAM.

The plaintiff sold the defendant a piano on the installment plan. Defendant refused to continue the installments, and so the plaintiff elected to demand the entire balance of the purchase-money under a clause in the contract, and brought suit. Defendant set up fraud in the making of the contract, and counter-claimed for the money already paid on account. The whole matter was ventilated at the trial, and the jury found against the plaintiff and in favor of the defendant on the counter-claim.

The reasons assigned are—first, that the verdict is against the evidence; second, that the verdict is against the weight of evidence; third, that the verdict is contrary to the law of the case as expressed in the charge of the court. The real argument in the case, however, is that the verdict is against the weight of evidence. We have read the testimony with care, and are unable to say that the jury disregarded the weight of evidence in this case. On the contrary, there was a great deal of evidence and of much weight tending to show that the defendant's claim was substantially correct. There seems to be no question of technical tender involved in the litigation: defendant refused to pay for the piano, and it is quite plain that he notified the plaintiff in some form that he did not propose to keep it, and that it was subject to return.

We see no reason for disturbing the verdict of the jury, and the rule will accordingly be discharged.